**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA
AND STATES OF FLORIDA, CALIFORNIA,
COLORADO, CONNECTICUT, DELAWARE,
DISTRICT OF COLUMBIA, GEORGIA,
HAWAII, ILLINOIS, INDIANA, IOWA,
LOUISIANA, MARYLAND, MASSACHUSETTS,
MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE,
NEW JERSEY,NEW MEXICO, NEW YORK,
NORTH CAROLINA,OKLAHOMA, RHODE ISLAND,
TENNESSEE, TEXAS, VIRGINIA, and WASHINGTON,
ex rel. SUNIL PATEL

    Plaintiffs                 **CASE NO. 8:14-CV-120-T-33-TGW**

v.

GE HEALTHCARE, INC.

    Defendants
_____/

**RELATOR'S MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

Relator Sunil Patel, by and through undersigned counsel, timely moves pursuant to Fed.R.Civ.P. 15(a)(2) for leave of Court to file the attached Third Amended Complaint.

**BACKGROUND LAW**

Under Rule 15(a), "timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires." *Gruenthal v. Carlson Restaurants Worldwide, Inc.,* 2011 WL 253631, *1 (M.D. Fla., January 25, 2011). Accordingly, "Rule 15(a) limits the court's discretion by requiring that leave to amend must be 'freely given when justice so requires.'" *Roman v. Davis,* 371 U.S. 178, 182 (1962). Therefore, "the Court

must provide substantial justification if the Court denies a timely filed motion for leave to amend." *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001).

## ARGUMENT

Relator's Third Amended Complaint is necessary for the following reasons:

1. To delete references to dismissed claims against dismissed former co-defendant UND.

2. To add a new theory of liability under 31 U.S.C. § 3729(a)(1)(B) alleging that GE knowingly made and used false records and statements material to false and fraudulent claims. This theory of liability is important for several reasons. First, it "does not demand proof that the defendant presented or caused to be presented a false claim to the government or that the defendant's false record or statement was ever submitted to the government." *Hopper v. Solvay Pharmaceuticals, Inc.,* 588 F.3d 1318, 1327 (11th Cir. 2009). Second, Eleventh Circuit caselaw "do[es] not necessarily foreclose the possibility that" for (a)(1)(B) false records claims "general allegations of improper government payments to third parties, supported by factual or statistical evidence to strengthen the inference of fraud … could satisfy the particularity requirements of Rule 9(b)." *Id.* at 1329.[1] Because "[t]he identity of the person or entity who submitted or caused to be submitted a claim for payment is not an element" of a false records claim, "the particularity requirements of Rule 9(b), as to the details of the alleged false claims at issue" may well be "more relaxed for claims under 31 U.S.C. § 3729(a)(2) [now 31 U.S.C. § 3729(a)(1)(B)] than for claims under § 3729(a)(1) [now §3729(a)(1)(A)]." *Id.*

3. To add a clearer explanation of materiality for claims based on radiopharmaceuticals compounded at GE's Tampa nuclear pharmacy and GE's other nuclear pharmacies in Florida.

---

[1] *See also United States ex rel. Duxbury v. Ortho Biotech Products, L.P.,* 579 F.3d 13, 29 (1st Cir. 2009); *United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 190 (5th Cir. 2009).

4. To add particularity evidence which GE has argued is lacking in the Second Amended Complaint.

## CONCLUSION

This motion should be granted because (1) there are numerous good reasons to amend the current complaint, and (2) there is no "substantial justification" to deny this motion, such as "undue delay, bad faith, dilatory motive …, undue prejudice to the opposing party …, [and] futility …." *Gruenthal, supra,* 2011 WL 253631, *1.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel spoke to GE Counsel David Weinstein who advised that GE Health opposes the amendment and will file a response in opposition in accordance with Local Rule 3.01(b).

Respectfully submitted,

*/s/ Kevin J. Darken*
BARRY A. COHEN
Florida Bar No.: 096478
bcohen@tampalawfirm.com
KEVIN J. DARKEN
Florida Bar No. 0090956
kdarken@tampalawfirm.com
THE BARRY COHEN LEGAL TEAM
201 East Kennedy Boulevard, Ste 1950
Tampa, Florida 33602
Telephone: (813) 225-1655
Facsimile: (813) 225-1921
Attorney for *Qui Tam* Relator

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion For Leave to File Third Amended Complaint has been furnished by ECF to counsel of record; and by U.S. Mail to Assistant Attorney General **Cedell Garland**, Office of the Attorney General, The Capitol PL-01, Tallahassee FL 32399-1050; Assistant Attorney General **Kerry Ascher**, 901 West 9th St, Ste

301, Austin TX 78703-4633; and Assistant Attorney General **Bernice Yew**, California Department of Justice, 4949 Broadway, Sacramento CA 95820 on this 15th day of August 2017.

*/s/ Kevin J. Darken*
Kevin J. Darken
