```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA, ET AL.,

           Plaintiffs,

v.                       Case No.: 8:14-cv-120-T-33TGW

GE HEALTHCARE, INC.,

           Defendant.
_____/

**ORDER**

    This matter is before the Court pursuant to Relator Sunil Patel's construed Motion for a 90-day extension of time to secure counsel (Doc. # 111), which was filed on July 20, 2018. GE Healthcare, Inc. filed a response to the Motion (Doc. # 112) on July 23, 2018. The Court denies the Motion.

**Discussion**

    Patel initiated this False Claims Act case on January 17, 2014. (Doc. # 1). He filed the First Amended Complaint (Doc. # 11) on May 6, 2015, the Second Amended Complaint (Doc. # 17) on March 9, 2016, the Third Amended Complaint (Doc. # 73) on August 16, 2017, and the Fourth Amended Complaint (Doc. # 84) on October 26, 2017.

    The stay of the case was lifted on March 27, 2017. (Doc. # 24). The Court held a Case Management Hearing as well as a Discovery Hearing on July 17, 2017, and the Court entered a

Case Management and Scheduling Order and a Discovery Order on that date. (Doc. ## 62, 64).

GE filed a Motion to Dismiss the Fourth Amended Complaint, and on April 15, 2018, the Court entered an Order setting a hearing on the Motion to Dismiss to occur on April 20, 2018. (Doc. # 99). Shortly thereafter, on April 16, 2018, Relator's counsel filed a Motion seeking to "immediately withdraw as counsel for Relator." (Doc. # 100). Among other statements, Relator's counsel explained that Relator terminated the legal representation on April 12, 2018. (Id. at 2). In addition, Relator's counsel indicated: "continued litigation of Relator Patel's FCA claims could well expose undersigned counsel to personal liability for GE's attorneys' fees, costs and expenses under 28 U.S.C. § 1927, as well as expose Relator Patel to personal liability for GE's attorneys' fees and expenses under 31 U.S.C. § 3730(d)(4)." (Id.).

The United States responded:

> solely to suggest, should the Court grant the Motion, that its Order provide Relator a deadline by which successor counsel must file a notice of appearance herein, failing which this action will be dismissed without prejudice to the United States and the Relator. The United States makes this request because the Relator cannot proceed pro se. See Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008)(per curiam)(holding that a Relator

>     cannot proceed pro se in litigating a qui tam action under the False Claims Act).

(Doc. # 102).

At the hearing held on April 20, 2018, the Court granted the Motion to Withdraw. (Doc. # 107). Patel argued that he needed 90 days in order to secure a new attorney, and GE argued that only two weeks should be granted for Patel to hire substitute counsel. (Doc. # 109 at 17, 28). Ultimately, the Court granted Relator the full 90-days requested, stating: "I'll give you 90 days to find a new lawyer. I'm not going to give you more than 90 days. I will give you up to 90 days." (Id. at 29). The Court further warned: "I am not extending that deadline. I'm telling you right now, Mr. Patel. No way am I extending that deadline. They said two weeks and I'm giving you 90 days because I know the challenges. So please do not ask for an extension. If you do, the answer is going to be no." (Id. at 31). The Court made it clear: "If I don't have a notice of appearance filed by July 20th, on that following Monday I will do an Order dismissing this case." (Id.). The Court indicated that if the case were to be dismissed, it would allow counsel to weigh in on whether that

dismissal would be without prejudice to the rights of the United States. (Id. at 31).

On July 20, 2018, rather than supplying the Court with a Notice of Appearance showing that he secured substitute counsel, Patel filed an extension Motion. (Doc. # 111). The Court "must take an active role in managing cases on [its] docket" and enjoys broad discretion "in deciding how best to manage the cases before [it]." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The Court has already provided an ample and finite opportunity for Patel to secure counsel and he has not done so. Because the Court has already determined that no further extensions will be authorized, the Court denies the Motion.

As noted, the Court previously indicated that it would allow counsel to weigh in on the matter of whether the dismissal should be without prejudice. (Doc. # 109 at 31). At this point, the Court requests that the United States and GE file a Notice by **July 30, 2018**, stating whether the action should be dismissed without prejudice to the rights of the Government and/or Patel.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

-4-

(1) Relator Sunil Patel's construed Motion for an Extension of Time to secure counsel (Doc. # 111) is **DENIED**.

(2) The Court determines that the case should be **DISMISSED**. By **July 30, 2018**, the Government and GE shall file a Notice stating whether the action should be dismissed without prejudice to the rights of the Government and/or Patel.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of July, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE