UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, ET AL.,

    Plaintiffs,

v.      Case No.: 8:14-cv-120-T-33TGW

GE HEALTHCARE, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to the Joint Notice to the Court Regarding Dismissal of the Fourth Amended Complaint (Doc. # 114), filed on July 30, 2018, by the United States and Defendant GE Health Care, Inc. As explained below, this case is dismissed <u>without prejudice</u> to the United States and to the States. This case is dismissed <u>with prejudice</u> as to Relator Patel.

**I. <u>Background</u>**

Patel initiated this False Claims Act case on January 17, 2014. (Doc. # 1). He filed the First Amended Complaint (Doc. # 11) on May 6, 2015, the Second Amended Complaint (Doc. # 17) on March 9, 2016, the Third Amended Complaint (Doc. # 73) on August 16, 2017, and the Fourth Amended Complaint (Doc. # 84) on October 26, 2017.

The stay of the case was lifted on March 27, 2017. (Doc. # 24). The Court held a Case Management Hearing as well as a Discovery Hearing on July 17, 2017, and the Court entered a Case Management and Scheduling Order and a Discovery Order on that date. (Doc. ## 62, 64).

GE filed a Motion to Dismiss the Fourth Amended Complaint, and on April 15, 2018, the Court entered an Order setting a hearing on the Motion to Dismiss to occur on April 20, 2018. (Doc. # 99). Shortly thereafter, on April 16, 2018, Relator's counsel filed a Motion seeking to "immediately withdraw as counsel for Relator." (Doc. # 100). Among other statements, Relator's counsel explained that Relator terminated the legal representation on April 12, 2018. (Id. at 2). In addition, Relator's counsel indicated: "continued litigation of Relator Patel's FCA claims could well expose undersigned counsel to personal liability for GE's attorneys' fees, costs and expenses under 28 U.S.C. § 1927, as well as expose Relator Patel to personal liability for GE's attorneys' fees and expenses under 31 U.S.C. § 3730(d)(4)." (Id.).

The United States responded:

> solely to suggest, should the Court grant the Motion, that its Order provide Relator a deadline by which successor counsel must file a notice of

> appearance herein, failing which this action will be dismissed without prejudice to the United States and the Relator. The United States makes this request because the Relator cannot proceed pro se. See <u>Timson v. Sampson</u>, 518 F.3d 870, 873-74 (11th Cir. 2008)(per curiam)(holding that a Relator cannot proceed pro se in litigating a qui tam action under the False Claims Act).

(Doc. # 102).

At the hearing held on April 20, 2018, the Court granted the Motion to Withdraw. (Doc. # 107). Patel argued that he needed 90 days in order to secure a new attorney, and GE argued that only two weeks should be granted for Patel to hire substitute counsel. (Doc. # 109 at 17, 28). Ultimately, the Court granted Relator the full 90-days requested, stating: "I'll give you 90 days to find a new lawyer. I'm not going to give you more than 90 days. I will give you up to 90 days." (<u>Id.</u> at 29). The Court further warned: "I am not extending that deadline. I'm telling you right now, Mr. Patel. No way am I extending that deadline. They said two weeks and I'm giving you 90 days because I know the challenges. So please do not ask for an extension. If you do, the answer is going to be no." (<u>Id.</u> at 31). The Court made it clear: "If I don't have a notice of appearance filed by July 20th, on that following Monday I will do an Order dismissing this case."

(Id.). The Court indicated that if the case were to be dismissed, it would allow counsel to weigh in on whether that dismissal would be without prejudice to the rights of the United States. (Id. at 31).

On July 20, 2018, rather than supplying the Court with a Notice of Appearance showing that he secured substitute counsel, Patel filed an extension Motion. (Doc. # 111). Patel sought an additional 90 days to find counsel. The Court entered an Order denying the Motion on July 23, 2018. (Doc. # 113). The Court explained that it had already provided an ample and finite opportunity for Patel to secure counsel and underscored that Patel was already on notice that no further extensions would be authorized.

As noted, a relator is not authorized to litigate qui tam cases pro se. The Court accordingly dismissed the case. (Doc. # 113 at 5). The Court, however, authorized the Government and GE to weigh in on the matter of whether the dismissal should be with prejudice.

**II. Discussion**

The Court determines that it is appropriate to dismiss the action without prejudice to the United States and the states. The purpose of the FCA is to combat fraud perpetrated

against the Government. <u>Vt. Agency of Nat. Resources v. United States ex rel. Stevens</u>, 529 U.S. 765, 781 (2000). The FCA encourages "private individuals who are aware of fraud being perpetrated against the government to bring such information forward." <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1237 n.1 (11th Cir. 1999). And, "the False Claims Act is the primary law on which the federal government relies to recover losses caused by fraud." <u>McNutt v. Haleyville Med. Supplies, Inc.</u>, 423 F.3d 1256, 1259 (11th Cir. 2005). The Court will not diminish the Government's rights in any respect when it comes to prosecuting any possible fraud perpetrated against it in this action or any related action.

However, the Court determines that it is the end of the line for Relator Patel. Dismissal with prejudice as to Patel is proper. The fact that Patel is on the Fourth Amended Complaint speaks volumes. Patel fired his attorney and then did not select a new attorney within the Court's firm deadline of July 20, 2018. And, by proceeding pro se, Relator should not be placed in a more advantageous position than any other FCA relator who fails to state a claim after years of frequently amended pleadings. Therefore, the Court finds that Patel engaged in inexcusable delay. The Court also finds

that dismissal with prejudice is required because no lesser sanction will suffice. A dismissal without prejudice would unfairly allow Patel another bite at the apple and render this Court's original deadline of July 20, 2018, to hire new counsel a mere option, rather than a mandatory Order with the force of the law behind it.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed <u>without prejudice</u> to the United States and to the States. This case is dismissed <u>with prejudice</u> as to Relator Patel.

(2) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of August, 2018.

> _[signature]_
> VIRGINIA M. HERNANDEZ COVINGTON
> UNITED STATES DISTRICT JUDGE